**Larry JENKINS, Appellant**

v.

**MURRAY, Deputy; Blanca Rodriguez; David Diguglielmo; Jeffrey Beard.**

No. 08–4824.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 29, 2009.

Opinion Filed Nov. 20, 2009.

Larry Jenkins, Cresson, PA, pro se.

Beth A. Smith, Esq., Claudia M. Tesoro, Esq., Office of Attorney General of Pennsylvania, Philadelphia, PA, for Murray, Deputy; Blanca Rodriguez; David Diguglielmo; Jeffrey Beard.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Larry Jenkins appeals *pro se* the District Court's order granting defendants' motion to dismiss. For the reasons discussed below, we agree with the District Court's disposition of the motion and will dismiss the appeal.

### I.

Jenkins, currently an inmate at SCI–Mahanoy, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in District Court against four SCI–Graterford employees, claiming that they violated his Eighth and Fourteenth Amendment rights.

Jenkins alleges that defendants violated his right to due process when, upon his release from the Restrictive Housing Unit ("RHU"), they placed him in administrative custody without notice and a hearing, as is required by Pennsylvania Department of Corrections Administrative Directive ("DC–ADM") 802. He claims that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they kept him in administrative custody for three months, causing him to suffer emotional, mental, and physical injuries.[1] He further claims that defendants violated his right to equal protection when they released sixteen oth-

---

1. Jenkins states that he sustained injuries when an air vent fell from the ceiling, striking him in the head.

er inmates from the RHU into the general population, but continued to hold him in administrative custody. He exhausted his administrative remedies. 42 U.S.C. § 1997e(a); *Spruill v. Gillis*, 372 F.3d 218, 227–28 (3d Cir.2004).

After the District Court granted, without prejudice, defendants's first motion to dismiss, Jenkins filed an amended complaint. Defendants moved to dismiss the amended complaint, and the District Court granted that motion. Jenkins filed a timely notice of appeal.

### II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order granting a motion to dismiss is plenary. *See Santiago v. GMAC Mortg. Group, Inc.*, 417 F.3d 384, 386 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

### III.

■ Jenkins claims that defendants violated his due process rights by housing him in administrative custody for three months without notice and a hearing, as is required by DC–ADM 802. States "may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Such interests are generally limited to "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* No liberty interest is involved where the state action does not "present a dramatic departure from the basic conditions of confinement." *Id.* State procedures, such as those contained in DC–ADM 802, on their own do not create a due process liberty interest. *See, e.g., Rodriguez v. McLoughlin*, 214 F.3d 328, 339 (2d Cir.2000); *see also United States v. Jiles*, 658 F.2d 194, 200 (3d Cir.1981). Jenkins' three-month confinement in administrative custody does not constitute an atypical or significant hardship. *See Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir.1997) ("exposure to the conditions of administrative custody for periods of as long as 15 months . . . did not deprive [inmate] of a liberty interest and [ ] he was not entitled to procedural due process protection"). Accordingly, we agree with the District Court that the alleged failure to comply with DC–ADM 802 does not state a claim for a due process violation.

■ Jenkins next claims that his right to equal protection was violated when sixteen similarly situated inmates were released from the RHU into the general population, but he alone was kept in administrative custody. To demonstrate a denial of equal protection, Jenkins must show that he has been arbitrarily treated differently from similarly situated inmates, and that this difference in treatment bears no rational relation to any legitimate penological interest. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir.2006). We agree with the District Court's conclusion that Jenkins fails to state a claim for an equal protection violation, as he fails to allege that the other inmates had been

placed in the RHU for the same reasons or in the same form of custody.

■ Third, Jenkins claims that defendants violated his Eighth Amendment rights by keeping him in administrative custody, where he suffered emotional, mental, and physical injuries. The relevant Eighth Amendment inquiry is whether the alleged deprivation is "sufficiently serious" and whether the inmate has been deprived of the "minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). This requires an inmate to show that "he is incarcerated under conditions posing a substantial risk of serious harm," and that prison officials demonstrated a "deliberate indifference" to his health or safety. *Id.* As the District Court explained, Jenkins does not allege that he was denied any basic human need. In fact, Jenkins states that he continues to be treated medically for his head injury. Jenkins does not allege that the air vent fell as the result of any intentional act, and, as a result, he fails to state an Eighth Amendment claim.

Finally, to the extent Jenkins appeals the District Court's denial of his motion to appoint counsel, the District Court properly denied the motion upon finding that none of Jenkins' claims had merit.

## IV.

After careful consideration, we have concluded that there is no arguable merit to this appeal. Accordingly, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e).